HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GRAHAM R. HUNT and LYNDA HUNT<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C13-5978 RBL<br><br>ORDER DENYING MOTION TO REMAND<br><br>[DKT. #9] |

THIS MATTER is before the Court on Plaintiffs' Motion to Remand [Dkt. #9]. Plaintiff Graham Hunt[1] was injured in an automobile accident. He settled with the other driver's insurance company but claims that he has not been fully compensated. He made a $100,000 policy limits demand on his UIM insurer, Allstate, which Allstate rejected. Graham sued Allstate in state court, asserting his UIM claim and a bad faith claim, and seeking general and special damages, attorneys' fees, prejudgment interest, treble damages, and injunctive relief. Allstate timely removed, asserting diversity jurisdiction under 28 U.S.C. §§1332, 1441, and 1446.

---

[1] Mr. Hunt was injured but both he and his wife are Plaintiffs. This Order will use the singular for ease of reference.

Graham now seeks remand, based on his stipulation that the value of his claim "is limited to $75,000 excluding interest and costs." [Dkt. #9 at 2] He argues that this stipulation deprives the Court of jurisdiction, because 28 U.S.C. §1332 requires "both diversity of citizenship and a claim over $75,000 before subject matter jurisdiction may be invoked in Federal Court." [Dkt. #9 at 5].

Because the post-removal stipulation does not operate to deprive this Court of jurisdiction, the Motion to Remand is DENIED and Defendant need not respond to it.

Under *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998) and numerous other authorities, the party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. The removal statute is strictly construed against removal jurisdiction. The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper. *Conrad*, 994 F. Supp. at 1198. It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.* at 566.

However, where diversity jurisdiction exists at the time of removal, a plaintiff's later attempt to obtain remand by stipulating to a lesser amount of damages does not defeat removal jurisdiction:

> Once a case that was initiated in state court has been removed properly, subsequent events that reduce the amount recoverable—such as the plaintiff's amendment of the complaint—will not defeat the federal court's subject-matter jurisdiction.
>
> Thus, if a plaintiff relies on his or her own stipulation not to seek or accept more than $75,000, in seeking to prove to a legal certainty that recovery will not exceed the jurisdictional minimum, that stipulation generally must be filed in the state court, before removal is effected.

C. Wright, A. Miller, E. Cooper & J. Steinman, *Federal Practice and Procedure,* Vol. 14C, §3725.2, 125-130 (West 2009 & Supp. 2013). *See also* W. Scwarzer, W. Tashima & M. Wagstaffe, *Federal Practice Before Trial*, §2:2360 (Rutter 2011) ("If the amount in controversy exceeded the $75,000 minimum required for diversity jurisdiction at the time of removal, plaintiff ordinarily cannot thereafter divest the federal court of jurisdiction by reducing his or claim to less than that amount.) (Citations omitted).

The Court's jurisdiction is measured at the time of removal. Graham's initial compliant followed his $100,000 policy limits demand, and asserted a claim—bad faith—which he presumably intended to use to obtain a judgment in excess of the policy limits. At the time of removal, Allstate reasonably and correctly claimed the amount in controversy exceeded the jurisdictional limit.

The Motion to Remand is DENIED.

IT IS SO ORDERED.

Dated this 11th day of December, 2013.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE